1  Daphne M. Anneet (SBN 175414)
   E-mail:  danneet@bwslaw.com
2  Susan E. Coleman (SBN 171832)
   E-mail:  scoleman@bwslaw.com
3  Malaika Billups (SBN 251647)
   E-mail: mbillups@bwslaw.com
4  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, Suite 2400
5  Los Angeles, CA  90071-2953
   Tel:  213.236.0600 Fax:  213.236.2700
6
   Attorneys for Defendant
7  THE REGENTS OF THE UNIVERSITY OF
   CALIFORNIA
8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11

12  JEFFREY R. ESTES                    Case No.

13             Plaintiff,               **DECLARATION OF SUSAN
                                        COLEMAN IN SUPPORT OF
14      v.                              NOTICE OF REMOVAL**

15  THE REGENTS OF THE
    UNIVERSITY OF CALIFORNIA
16  AND DOES 1-20, INCLUSIVE,

17             Defendant.

18

19       I, Susan Coleman, declare as follows:

20       1.    I am a partner with the law firm of Burke, Williams & Sorensen, LLP,

21  counsel of record for Defendant The Regents of the University of California

22  ("Defendant") in the above-captioned action.  I am a member in good standing of

23  the State Bar of California and am admitted to practice before this Court.  I have

24  personal knowledge of the facts set forth in this Declaration, or as indicated, based

25  upon information and belief and, if called as a witness, could and would testify

26  competently to such facts under oath.

27  / / /

28  / / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4846-9125-5319 v2                    - 1 -

DECLARATION OF SUSAN COLEMAN IN SUPPORT OF NOTICE OF REMOVAL

2.     On November 19, 2013, an action was commenced in the Superior Court of the State of California, County of Los Angeles, entitled, Jeffrey R. Estes, Plaintiff, v. Regents of the University of California., and DOES 1 through 20, Inclusive, Defendants, and docketed as Case Number RG 13703739.  A true and correct copy of the Complaint is attached hereto as **Exhibit "A"** pursuant to 28 U.S.C. § 1446(a).

3.     On November 26, 2013, copies of the Complaint and a Summons, along with a Civil Case Cover Sheet Addendum, Notice of Case Management Conferenced and Order, and a Notice of Assignment to Judge for All Purposes were served on The Regents.  True and correct copies of the Civil Case Cover Sheet, Summons, Complaint, Civil Case Cover Sheet Addendum, Notice of Case Management Conferenced and Order, and a Notice of Assignment to Judge for All Purposes are attached hereto as **Exhibit "B"** pursuant to 28 U.S.C. § 1446(a).

4.     On December 23, 2013, Defendant The Regents of the University of California., Inc. filed its Answer to Plaintiff's Complaint.  A true and correct conformed copy of the Answer to Plaintiff's Complaint is attached hereto as **Exhibit "C"** pursuant to 28 U.S.C. § 1446(a).

5.     The Regents intend to seek to transfer the venue of this matter to the Central District of California, Southern Division for the convenience of the parties and in the interests of justice, pursuant to 28 U.S.C. §1404 (a), as all of the events, witnesses, and documents related to this matter took place or are located in Irvine, California.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1       I declare under penalty of perjury under the laws of the United States of
2 America that the foregoing is true and correct.
3       Executed on December 26, 2013, at Los Angeles, California.

4

5                       ___/s/ Susan E. Coleman___
6                       Susan E. Coleman

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4846-9125-5319 v2                 - 3 -

DECLARATION OF SUSAN COLEMAN IN SUPPORT OF NOTICE OF REMOVAL

**EXHIBIT A**

1  MAYALL, HURLEY P.C
   A Professional Corporation
2  2453 Grand Canal Boulevard, Second Floor
   Stockton, California 95207-8253
3  Telephone (209) 477-3833
   MARK S. ADAMS, ESQ.
4  CA State Bar No. 78706

5  Attorneys for Plaintiff, Jeffrey R. Estes

**ENDORSED
FILED**
ALAMEDA COUNTY

NOV 1 9 2013

CLERK OF THE SUPERIOR COURT
By____CHERYL CLARK____
Deputy

6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                        COUNTY OF ALAMEDA

9  JEFFREY R. ESTES,                    Case No.: RG  13 7 0 3 7 9 9

10            Plaintiff,                 COMPLAINT FOR DAMAGES FOR

11  vs.                                  1.   RETALIATION (FEHA)
                                         2.   RETALIATION (TITLE VII, 42
12  REGENTS OF THE UNIVERSITY OF              U.S.C. Section 2000e-3(a))
    CALIFORNIA; and DOES 1-20, inclusive,
13                                       JURY TRIAL DEMANDED
              Defendants.
14

15

16       Plaintiff, JEFFREY R. ESTES, brings this action against REGENTS OF THE

17  UNIVERSITY OF CALIFORNIA (hereinafter, "UC REGENTS"), and Does 1-100 for general,

18  compensatory, and statutory damages, injunctive relief, costs and attorneys' fees, resulting from

19  defendants' unlawful and tortuous conduct, as ground therefore alleges:

20                                  **PARTIES**

21       1.     Plaintiff, JEFFREY R.  ESTES (hereinafter "ESTES") is an individual and is, and

22  was at all times relevant herein, a resident of Los Angeles County, California.  At all times

23  relevant hereto, ESTES was employed by UC REGENTS in Orange County, California, and an

24  "employee" as defined by California Government Code Section 12926.

25       2.     ESTES is informed and believes and thereon alleges that Defendant, UC

26  REGENTS is a subdivision of the State of California.  UC REGENTS is a university system that

27  operates ten campuses in the State of California, including the University of California at Irvine.

28

Complaint for Damages
Page 1 of 7

1  UC REGENTS, venued in Oakland, Alameda County, California, also operates the University of

2  California Extension.  UC REGENTS employed well over 1500 employees at all times relevant

3  herein, and is an "employer" as defined by Government Code Sections 12926(d), and 12940(a),

4  and 12940(j)(4)(A).

5      3.      ESTES is informed and believes and thereon alleges that Wayne Swift

6  (hereinafter, "SWIFT") is and was an individual and was working at the time of the conduct

7  involved herein at UC Irvine and has been employed by UC REGENTS as Director/ Instructional

8  Technology and Manager at the University.  SWIFT is a "supervisor" within the meaning of

9  California Government Code Section 12926(r), is the alleged harasser and retaliator herein, and

10  exercised substantial discretionary authority over significant aspects of UC REGENT'S business.

11      4.      This action is of a civil nature involving, exclusive of interest and costs, a sum in

12  an amount in excess of the minimum jurisdiction of this court.

13      5.      UC REGENTS and Does 1-100 are referred to collectively as "Defendants" or

14  "Defendant."

15      6.      ESTES is not aware of the true names and capacities of the Defendants sued

16  herein as Does 1 through 100, inclusive, whether individual, corporate, associate, or otherwise,

17  and therefore sues such Defendants by such fictitious names.  ESTES will amend this Complaint

18  to allege their true names and capacities when ascertained.   ESTES is informed and believes, and

19  on that basis alleges, that each of the fictitiously named Defendants is responsible in some

20  manner for the occurrences herein alleged and that ESTES'S injuries and damages herein alleged

21  were legally caused by such Defendants.  Unless otherwise indicated, each Defendant was acting

22  within the course and scope of said agency and/or employment, with the knowledge and/or

23  consent of said Co-Defendant.

24      7.      ESTES is informed and believes and thereupon alleges that at all times mentioned

25  herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant,

26  employee, partner and/or joint venturer of and was acting in concert with each of the remaining

27  Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times

28

Complaint for Damages
Page 2 of 7

1   acting within the course and scope of such agency, service, employment partnership, joint

2   venture and/or concert of action.  Each Defendant, in doing the acts alleged herein, was acting

3   both individually and within the course and scope of such agency and/or employment, with the

4   knowledge and/or consent of the remaining Defendants.

5                              **VENUE AND JURY TRIAL DEMAND**

6        8.      Venue is proper in this court, because the UC REGENTS are headquartered in

7   Alameda County, California.   Plaintiff hereby demands a jury trial.

8                                  **GENERAL ALLEGATIONS**

9        9.      ESTES  is a member of a group protected under the Fair Employment and

10  Housing Act (hereinafter, "FEHA") and Title VII from discrimination and retaliation based on

11  protesting discrimination.  ESTES began working for UC REGENTS on or about October 2007,

12  and was employed as a Computer Resource Specialist II when UC REGENTS terminated his

13  employment on or about January 2011.  At the time of his termination, ESTES earned

14  approximately $49,000.00 per year plus benefits.

15       10.     At all times herein mentioned, ESTES was in all respects qualified for his position

16  in that he had been performing well with little or no criticism until he complained about a series

17  of racially charged and offensive comment made by co-worker, Steve Gilmer (hereinafter

18  "GILMER"), directed at Asian students working part time in the department and other protected

19  groups.  ESTES, at all times, performed his job duties competently and diligently throughout his

20  employment with the University of California.

21       11.     Beginning in April 2009 and continuing to April 2010, GILMER created a hostile

22  work environment by making a series of derogatory and racially charged comments about Asian

23  students working in his department and other protected groups.

24       12.     ESTES complained verbally on several occasions beginning in and around

25  October 2009 through March 2010 about these situations to his supervisor, SWIFT.  When

26  nothing was corrected, he filed a written complaint with SWIFT sometime on March 1, 2010

27  regarding the racially offensive remarks being made by GILMER.

28

Complaint for Damages
Page 3 of 7

13.     On March 4, 2010, SWIFT, Director, Instructional Technology, gave ESTES a corrective memorandum for being argumentative and insubordinate soon after his written protest of discrimination. ESTES was neither argumentative nor insubordinate. On March 10, 2010, ESTES was informed by UCI Extension HR Director, Ms. Harriet Whitmyer, that he was to attend a meeting for which he was being investigated. On March 18, 2010, ESTES was told by SWIFT and Bob Rude, UCI Extension Assistant Dean, that no further action would be taken. Thereafter, the retaliation continued until ESTES was terminated January 20, 2011.

14.     Defendant's stated reasons for the write-ups and suspension were pretextual. ESTES disputes the facts upon which his write ups were based, and alleges he was not only performing adequately, but well.

15.     Prior to the filing of this action, ESTES perfected his administrative claims with EEOC and FEHA and received a right to sue notice from EEOC in August 27, 2013 and tolled his earlier FEHA claims until EEOC acted as they did.

16.     The list of misconduct by Defendants and each of them and its employees and/or agents and others contained in the above allegations is a partial list only, and by way of example.

17.     The incidents described below were part of a continuing series of incidents of discrimination and/or harassment which began in 2009 up to and including ESTES' termination, and which constitute a continuing violation of the Plaintiff's rights.

18.     As a further result of the wrongful acts of Defendants, ESTES has suffered economic damages, including loss of wages, loss of benefits, loss of retirement pay and benefits, medical expenses and other past and future economic damages. ESTES has suffered emotional distress and physical symptoms because of this prolonged harassment, retaliation and adverse employment actions, such as stress, fear, anxiety, loss of sleep, nightmares, depression, hopelessness, embarrassment, humiliation, and loss of self-esteem, among other things. As a further result of the wrongful acts of Defendants, and each of them ESTES has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to incur attorneys' fees and costs in connection therewith.

**FIRST CAUSE OF ACTION**
**VIOLATION OF GOVERNMENT CODE SECTION 12940(h)**
**(Retaliation for Opposing Discrimination and Harassment)**
**Against UC REGENTS and DOES 21-30**

19.     ESTES hereby realleges and incorporates by reference Paragraphs 1 through 18 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

20.     FEHA explicitly prohibits an employer or person from discharging, expelling, or otherwise discriminating against any person because the person has opposed any practices forbidden under FEHA or because the person has filed a complaint, testified or assisted in any proceeding under FEHA pursuant to Government Code Section 12940(h).

21.     Defendant, UC REGENTS at all times material hereto was ESTES' employer pursuant to Government Code Section 12926(d) and was therefore barred from retaliating against its employees pursuant to Government Code Section 12940(h).

22.     At all relevant times herein and in violation of Government Code Section 12940(h), Defendants and each of them, and/or their agents/employees, as set forth above retaliated against ESTES by adversely affecting ESTES' employment after he complained about and/or opposed harassment and discrimination as set forth above. As a result of said opposition, ESTES suffered the adverse employment actions as described above, including poor performance reviews, denial of pay increases and promotional opportunities, a performance improvement plan, a suspension and a constructive/forced termination and/or early retirement. There is a causal link between ESTES' protected opposition to harassment and discrimination and the adverse employment action in that, inter alia, the retaliation commenced and/or intensified shortly after each act of opposition or complaint.

23.     As a direct and legal result of Defendants' retaliation, ESTES has suffered mental, physical, and nervous discomfort, annoyance, distress, anguish, fear, worry, anxiety, pain and suffering, has lost income and related benefits, past and future, and medical expenses.

24.     Wherefore, ESTES has been damaged as set forth below and requests relief as hereafter provided.

Complaint for Damages
Page 5 of 7

**SECOND  CAUSE OF ACTION**
**VIOLATION OF 42 USC § 2003e-(3a)**
**(Retaliation for Protesting Discrimination)**
**Against UC REGENTS and DOES 11-20**

25.     ESTES hereby realleges and incorporates by reference Paragraphs 1 through 24 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

26.     Federal law explicitly prohibits an employer or person from discharging, expelling, or otherwise discriminating against any person because the person has opposed any practices forbidden under Title VII or because the person has filed a complaint, testified or assisted in any proceeding under EEOC pursuant to 42 USC 2000e-3(a).

27.     Defendant, UC REGENTS at all times material hereto was ESTES' employer and was therefore prohibited from terminating employees who have opposed discrimination prohibited by Title VII.

28.     Nonetheless, UC REGENTS terminated ESTES for opposing such discrimination.

29.     As a direct and legal result of Defendants' discriminatory and harassing actions against him, ESTES has suffered great mental, physical, and nervous discomfort, annoyance, distress, anguish, fear, worry, anxiety, pain and suffering, and lost income and related benefits, past and future, and medical expenses.

30.     Wherefore, ESTES has been damaged as set forth below and requests relief as hereafter provided.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1.     For compensatory and general damages, including lost wages and related benefits, and medical expenses in an amount according to proof, but in excess of the minimum jurisdictional limit of this Court;

2.     For statutory attorneys' fees and costs, including those available under Gov. Code § 12965(b) and federal law pursuant to Title VII;

1    3.    For prejudgment and post-judgment interest according to any applicable provision

2        of law or as otherwise permitted by law, according to proof;

3    4.    For costs of suit; and

4    5.    For such other and further relief as the court deems proper.

5

6    **DATED:** November 18, 2013          **MAYALL HURLEY P.C.**

7

8                 By _____

9                      MARK S. ADAMS,
                            Attorneys for Plaintiff,
                            JEFFREY R. ESTES

**EXHIBIT B**

Rec'd MLW 11/26/13 1:15 pm

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
REGENTS OF THE UNIVERSITY OF CALIFORNIA; and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JEFFREY R. ESTES

ENDORSED
FILED
ALAMEDA COUNTY

NOV 19 2013

CLERK OF THE SUPERIOR COURT
CHERYL CLARK
By_____ Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*
RG 13703739

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark S. Adams   (Bar # 078706)
MAYALL HURLEY, P.C., 2453 Grand Canal Boulevard, Stockton, CA 95207
Fax No.: (209) 473-4818
Phone No.: (209) 477-3833

DATE:
*(Fecha)* NOV 19 2013        Leah T. Wilson        Clerk, by        CHERYL CLARK        , Deputy
        Executive Officer/Clerk of the Superior Court        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* REGENTS OF THE UNIVERSITY OF CALIFORNIA

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☑ other *(specify):* CCP 416.50 (PUBLIC ENTITY)
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

1   MAYALL, HURLEY P.C
    A Professional Corporation
2   2453 Grand Canal Boulevard, Second Floor
    Stockton, California 95207-8253
3   Telephone (209) 477-3833
    MARK S. ADAMS, ESQ.
4   CA State Bar No. 78706

5   Attorneys for Plaintiff, Jeffrey R. Estes

**ENDORSED**
**FILED**
ALAMEDA COUNTY

NOV 1 9 2013

CLERK OF THE SUPERIOR COURT
By_____CHERYL CLARK_____
                              Deputy

6

7                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                              COUNTY OF ALAMEDA

9   JEFFREY R. ESTES,                          Case No.: *RG* 13703799

10                Plaintiff,                    COMPLAINT FOR DAMAGES FOR

11  vs.                                         1.   RETALIATION (FEHA)
                                                2.   RETALIATION (TITLE VII, 42
12  REGENTS OF THE UNIVERSITY OF                     U.S.C. Section 2000e-3(a))
    CALIFORNIA; and DOES 1-20, inclusive,
13                                              JURY TRIAL DEMANDED
                  Defendants.
14

15

16       Plaintiff, JEFFREY R. ESTES, brings this action against REGENTS OF THE

17  UNIVERSITY OF CALIFORNIA (hereinafter, "UC REGENTS"), and Does 1-100 for general,

18  compensatory, and statutory damages, injunctive relief, costs and attorneys' fees, resulting from

19  defendants' unlawful and tortuous conduct, as ground therefore alleges:

20                                   **PARTIES**

21       1.       Plaintiff, JEFFREY R.  ESTES (hereinafter "ESTES") is an individual and is, and

22  was at all times relevant herein, a resident of Los Angeles County, California.  At all times

23  relevant hereto, ESTES was employed by UC REGENTS in Orange County, California, and an

24  "employee" as defined by California Government Code Section 12926.

25       2.       ESTES is informed and believes and thereon alleges that Defendant, UC

26  REGENTS is a subdivision of the State of California.  UC REGENTS is a university system that

27  operates ten campuses in the State of California, including the University of California at Irvine.

28

1   UC REGENTS, venued in Oakland, Alameda County, California, also operates the University of

2   California Extension. UC REGENTS employed well over 1500 employees at all times relevant

3   herein, and is an "employer" as defined by Government Code Sections 12926(d), and 12940(a),

4   and 12940(j)(4)(A).

5       3.      ESTES is informed and believes and thereon alleges that Wayne Swift

6   (hereinafter, "SWIFT") is and was an individual and was working at the time of the conduct

7   involved herein at UC Irvine and has been employed by UC REGENTS as Director/ Instructional

8   Technology and Manager at the University. SWIFT is a "supervisor" within the meaning of

9   California Government Code Section 12926(r), is the alleged harasser and retaliator herein, and

10  exercised substantial discretionary authority over significant aspects of UC REGENT'S business.

11      4.      This action is of a civil nature involving, exclusive of interest and costs, a sum in

12  an amount in excess of the minimum jurisdiction of this court.

13      5.      UC REGENTS and Does 1-100 are referred to collectively as "Defendants" or

14  "Defendant."

15      6.      ESTES is not aware of the true names and capacities of the Defendants sued

16  herein as Does 1 through 100, inclusive, whether individual, corporate, associate, or otherwise,

17  and therefore sues such Defendants by such fictitious names. ESTES will amend this Complaint

18  to allege their true names and capacities when ascertained. ESTES is informed and believes, and

19  on that basis alleges, that each of the fictitiously named Defendants is responsible in some

20  manner for the occurrences herein alleged and that ESTES'S injuries and damages herein alleged

21  were legally caused by such Defendants. Unless otherwise indicated, each Defendant was acting

22  within the course and scope of said agency and/or employment, with the knowledge and/or

23  consent of said Co-Defendant.

24      7.      ESTES is informed and believes and thereupon alleges that at all times mentioned

25  herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant,

26  employee, partner and/or joint venturer of and was acting in concert with each of the remaining

27  Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times

28

Complaint for Damages
Page 2 of 7

1  acting within the course and scope of such agency, service, employment partnership, joint

2  venture and/or concert of action. Each Defendant, in doing the acts alleged herein, was acting

3  both individually and within the course and scope of such agency and/or employment, with the

4  knowledge and/or consent of the remaining Defendants.

5  **VENUE AND JURY TRIAL DEMAND**

6  8.  Venue is proper in this court, because the UC REGENTS are headquartered in

7  Alameda County, California.  Plaintiff hereby demands a jury trial.

8  **GENERAL ALLEGATIONS**

9  9.  ESTES  is a member of a group protected under the Fair Employment and

10  Housing Act (hereinafter, "FEHA") and Title VII from discrimination and retaliation based on

11  protesting discrimination.  ESTES began working for UC REGENTS on or about October 2007,

12  and was employed as a Computer Resource Specialist II when UC REGENTS terminated his

13  employment on or about January 2011.  At the time of his termination, ESTES earned

14  approximately $49,000.00 per year plus benefits.

15  10.  At all times herein mentioned, ESTES was in all respects qualified for his position

16  in that he had been performing well with little or no criticism until he complained about a series

17  of racially charged and offensive comment made by co-worker, Steve Gilmer (hereinafter

18  "GILMER"), directed at Asian students working part time in the department and other protected

19  groups. ESTES, at all times, performed his job duties competently and diligently throughout his

20  employment with the University of California.

21  11.  Beginning in April 2009 and continuing to April 2010, GILMER created a hostile

22  work environment by making a series of derogatory and racially charged comments about Asian

23  students working in his department and other protected groups.

24  12.  ESTES complained verbally on several occasions beginning in and around

25  October 2009 through March 2010 about these situations to his supervisor, SWIFT.  When

26  nothing was corrected, he filed a written complaint with SWIFT sometime on March 1, 2010

27  regarding the racially offensive remarks being made by GILMER.

28

Complaint for Damages
Page 3 of 7

13.     On March 4, 2010, SWIFT, Director, Instructional Technology, gave ESTES a corrective memorandum for being argumentative and insubordinate soon after his written protest of discrimination.  ESTES was neither argumentative nor insubordinate.  On March 10, 2010, ESTES was informed by UCI Extension HR Director, Ms. Harriet Whitmyer, that he was to attend a meeting for which he was being investigated.  On March 18, 2010, ESTES was told by SWIFT and Bob Rude, UCI Extension Assistant Dean, that no further action would be taken.  Thereafter, the retaliation continued until ESTES was terminated January 20, 2011.

14.     Defendant's stated reasons for the write-ups and suspension were pretextual.  ESTES disputes the facts upon which his write ups were based, and alleges he was not only performing adequately, but well.

15.     Prior to the filing of this action, ESTES perfected his administrative claims with EEOC and FEHA and received a right to sue notice from EEOC in August 27, 2013 and tolled his earlier FEHA claims until EEOC acted as they did.

16.     The list of misconduct by Defendants and each of them and its  employees and/or agents and others contained in the above allegations is a partial list only, and by way of example.

17.     The incidents described below were part of a continuing series of incidents of discrimination and/or harassment which began in 2009 up to and including ESTES' termination, and which constitute a continuing violation of the Plaintiff's rights.

18.     As a further result of the wrongful acts of Defendants, ESTES has suffered economic damages, including loss of wages, loss of benefits, loss of retirement pay and benefits, medical expenses and other past and future economic damages.  ESTES has suffered emotional distress and physical symptoms because of this prolonged harassment, retaliation and adverse employment actions, such as stress, fear, anxiety, loss of sleep, nightmares, depression, hopelessness, embarrassment, humiliation, and loss of self-esteem, among other things.  As a further result of the wrongful acts of Defendants, and each of them ESTES has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to incur attorneys' fees and costs in connection therewith.

**FIRST CAUSE OF ACTION**
**VIOLATION OF GOVERNMENT CODE SECTION 12940(h)**
**(Retaliation for Opposing Discrimination and Harassment)**
**Against UC REGENTS and DOES 21-30**

19.     ESTES hereby realleges and incorporates by reference Paragraphs 1 through 18 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

20.     FEHA explicitly prohibits an employer or person from discharging, expelling, or otherwise discriminating against any person because the person has opposed any practices forbidden under FEHA or because the person has filed a complaint, testified or assisted in any proceeding under FEHA pursuant to Government Code Section 12940(h).

21.     Defendant, UC REGENTS at all times material hereto was ESTES' employer pursuant to Government Code Section 12926(d) and was therefore barred from retaliating against its employees pursuant to Government Code Section 12940(h).

22.     At all relevant times herein and in violation of Government Code Section 12940(h), Defendants and each of them, and/or their agents/employees, as set forth above retaliated against ESTES by adversely affecting ESTES' employment after he complained about and/or opposed harassment and discrimination as set forth above.  As a result of said opposition, ESTES suffered the adverse employment actions as described above, including poor performance reviews, denial of pay increases and promotional opportunities, a performance improvement plan, a suspension and a constructive/forced termination and/or early retirement.  There is a causal link between ESTES' protected opposition to harassment and discrimination and the adverse employment action in that, inter alia, the retaliation commenced and/or intensified shortly after each act of opposition or complaint.

23.     As a direct and legal result of Defendants' retaliation, ESTES has suffered mental, physical, and nervous discomfort, annoyance, distress, anguish, fear, worry, anxiety, pain and suffering, has lost income and related benefits, past and future, and medical expenses.

24.     Wherefore, ESTES has been damaged as set forth below and requests relief as hereafter provided.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 USC § 2003e-(3a)**
**(Retaliation for Protesting Discrimination)**
**Against UC REGENTS and DOES 11-20**

25.    ESTES hereby realleges and incorporates by reference Paragraphs 1 through 24 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

26.    Federal law explicitly prohibits an employer or person from discharging, expelling, or otherwise discriminating against any person because the person has opposed any practices forbidden under Title VII or because the person has filed a complaint, testified or assisted in any proceeding under EEOC pursuant to 42 USC 2000e-3(a).

27.    Defendant, UC REGENTS at all times material hereto was ESTES' employer and was therefore prohibited from terminating employees who have opposed discrimination prohibited by Title VII.

28.    Nonetheless, UC REGENTS terminated ESTES for opposing such discrimination.

29.    As a direct and legal result of Defendants' discriminatory and harassing actions against him, ESTES has suffered great mental, physical, and nervous discomfort, annoyance, distress, anguish, fear, worry, anxiety, pain and suffering, and lost income and related benefits, past and future, and medical expenses.

30.    Wherefore, ESTES has been damaged as set forth below and requests relief as hereafter provided.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1.    For compensatory and general damages, including lost wages and related benefits, and medical expenses in an amount according to proof, but in excess of the minimum jurisdictional limit of this Court;

2.    For statutory attorneys' fees and costs, including those available under Gov. Code § 12965(b) and federal law pursuant to Title VII;

Complaint for Damages
Page 6 of 7

3.   For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, according to proof;

4.   For costs of suit; and

5.   For such other and further relief as the court deems proper.

**DATED:** November 18, 2013                                    **MAYALL HURLEY P.C.**

By _____

MARK S. ADAMS,
Attorneys for Plaintiff,
JEFFREY R. ESTES

Complaint for Damages
Page 7 of 7

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Mark S. Adams (Bar # 078706)
MAYALL HURLEY, P.C.
2453 Grand Canal Boulevard
Stockton, CA 95207
TELEPHONE NO. (209) 477-3833   FAX NO.: (209) 473-4818
ATTORNEY FOR (Name) Plaintiff Jeffrey R. Estes

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS 1225 Fallon Street
MAILING ADDRESS 1225 Fallon Street
CITY AND ZIP CODE Oakland 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
ESTES v. REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.

**ENDORSED
FILED
ALAMEDA COUNTY**

NOV 1 9 2013

CLERK OF THE SUPERIOR COURT
By_____
CHERYL CLARK
Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | RG13703739 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): Two (2)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 18, 2013

Mark S. Adams
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: ESTES v. REGENTS OF THE UNIVERSITY OF CALIFORNIA | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)  
[ ] Hayward Hall of Justice (447)  
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | | | Alameda County Case Type (check only one) |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs |
| | | | | Is the deft. in possession of the property? [ ] Yes [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 62 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)　　　　　　　　　　　　　　　　　　　　　　　　A-13

MAYALL, HURLEY P.C
Attn: Adams Esq, Mark S.
2453 Grand Canal Blvd.
2nd Flr
Stockton, CA  95207-8253

## Superior Court of California, County of Alameda

| Estes | |
|---|---|
| **Plaintiff/Petitioner(s)** | |
| VS. | |
| Regents of the University of California | |
| **Defendant/Respondent(s)** | |
| **(Abbreviated Title)** | |

No. <u>RG13703739</u>

**NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER**
Unlimited Jurisdiction

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.**
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 04/03/2014<br>Time: 09:00 AM | Department: 25<br>Location: **Administration Building**<br>    **1221 Oak Street, Oakland  CA 94612**<br><br>Internet: **http://www.alameda.courts.ca.gov** | Judge:  Ronni MacLaren<br>Clerk:  Shanika Monroe<br>Clerk telephone: (510) 267-6941<br>E-mail:<br>Dept.25@alameda.courts.ca.gov<br>Fax: (510) 267-5726 |
|---|---|---|

### ORDERS

1.   You must:
    a.   Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.   Give notice of this conference to any party not included in this notice and file proof of service;
    c.   Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
    d.   File and serve a completed Case Management Statement (use of Judicial Council Form CM-110 is <u>mandatory</u>) at least 15 days before the Case Management Conference (CRC 3.725)*

2.   If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30.  The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference.  Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.   You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above.  You must be thoroughly familiar with the case and fully authorized to proceed.

4.   The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a.   Referring to ADR and setting an ADR completion date
    b.   Dismissing or severing claims or parties
    c.   Setting a trial date.

* Case Management Statements may be filed by E-delivery, by emailing them to the following address: EDelivery@alameda.courts.ca.gov.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb.**
† Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference.  Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946.  This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 11/21/2013.

By _____

_____
Deputy Clerk

### Superior Court of California, County of Alameda



### Notice of Assignment of Judge for All Purposes

Case Number: RG13703739
Case Title:   Estes VS Regents of the University of California
Date of Filing: 11/19/2013

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| **Judge:** | **Ronni MacLaren** |
| **Department:** | **25** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland  CA  94612** |
| **Phone Number:** | **(510) 267-6941** |
| **Fax Number:** | **(510) 267-5726** |
| **Email Address:** | **Dept.25@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

Following assignment of a civil case to a specific department, all pleadings must be filed at the court facility where that department is located. The René C. Davidson Courthouse is the filing location for departments situated in the Alameda County Administration Building and the United States Post Office (see Local Rule, rule 1.9(d) effective as of 01/01/2013). All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Ronni MacLaren
DEPARTMENT 25

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Self-represented litigants must also comply with the rules cited above. All references to "counsel" in this Order apply equally to self-represented litigants. The Court maintains a Self-Help Center at the Rene C. Davidson Courthouse, 2nd Floor, 1225 Fallon St., Oakland, CA 94612.

With the exception of Case Management Statements, please submit a courtesy copy of all filed documents directly to Dept. 25.

## Schedule for Department 25

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Monday through Friday 9:30 a.m. to 4:30 p.m. A pretrial conference will be set two to three weeks before the trial.

- Case Management Conferences are held: Monday through Friday at 9:00 a.m. Timely filed and complete Case Management Statements may eliminate the need for an in-person conference by allowing the Court to publish a Tentative Case Management Order.

- Law and Motion matters are heard: Thursday and Friday at 9:00 a.m.

- Settlement Conferences are heard: Settlement Conferences may be scheduled through the clerk in Deparment 25.

- Ex Parte matters are heard: Thursday and Friday at 9:00 a.m.

- Counsel should consider and recommend creative, efficient approaches to valuing and resolving their case (CRC 3.724). Potential discovery and other problems should

be anticipated and discussed. No discovery motion shall be filed without prior serious efforts to resolve it.  Limited hearings are available for summary judgments, preliminary injunctions and other time-sensitive motions.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

*  Motion Reservations
   Email:       Dept.25@alameda.courts.ca.gov
   Phone:       (510) 267-6941

   The Court requests that reservations be made by e-mail to avoid disrupting courtroom proceedings.

*  Ex Parte Matters
   Email:       Dept.25@alameda.courts.ca.gov
   Phone:       (510) 267-6941

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

*  Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 25

*  Phone:  1-866-223-2244

Dated:  11/20/2013

Facsimile

Presiding Judge,
Superior Court of California, County of Alameda

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on

the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 11/21/2013

By _____

Deputy Clerk

**EXHIBIT C**

1   Daphne M. Anneet (SBN 175414)
    E-mail:  danneet@bwslaw.com
2   BURKE, WILLIAMS & SORENSEN, LLP
    444 South Flower Street, Suite 2400
3   Los Angeles, CA  90071-2953
    Tel:  213.236.0600    Fax:  213.236.2700
4
    Attorneys for Defendant
5   REGENTS OF THE UNIVERSITY OF
    CALIFORNIA
6

7

**E N D O R S E D**
**F I L E D**
ALAMEDA COUNTY

DEC 2 6 2013

**CLERK OF THE SUPERIOR COURT**
M. Salcido, Deputy

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                                 COUNTY OF ALAMEDA

10

11   JEFFREY R. ESTES,                       Case No. RG13703739

12              Plaintiff,                   **DEFENDANT THE REGENTS OF THE**
                                             **UNIVERSITY OF CALIFORNIA'S**
13         v.                                **ANSWER TO THE COMPLAINT**

14   REGENTS OF THE UNIVERSITY OF
     CALIFORNIA; and DOES 1-20, inclusive,
15                                           JFAP:      Honorable Ronni MacLaren
                Defendant.                              Dept. 25
16
                                             Action Filed:   11/19/13
17                                           Trial Date:     None Set

18

19         Defendant, The Regents of the University of California ("Defendant"), in answer to

20   the unverified Complaint of Plaintiff Jeffrey Estes ("Plaintiff"), admits, denies, and

21   alleges as follows:

22                                      **GENERAL DENIAL**

23         1.      Pursuant to the provisions of California Code of Civil Procedure section

24   431.30(d), Defendant generally denies each and every allegation in the Complaint, and

25   further specifically denies that Plaintiff was damaged in the sum alleged or in any other

26   sum, or at all, by reason of any conduct on the part of Defendant or any of its officers,

27   agents, or employees.

28   ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4851-9116-3927 v1                        - 1 -



**AFFIRMATIVE DEFENSES**

2. Defendant also pleads the following separate and additional affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State Facts)

3. The Complaint fails to state facts sufficient to constitute a cause of action or claim upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Res judicial/collateral estoppel)

4. Plaintiff's claims and issues raised in the complaint are barred by application of the doctrines of res judicata and collateral estoppel.

### THIRD AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

5. Plaintiff has failed to exhaust administrative remedies, including those required by state statute, collective bargaining agreement, and/or internal grievance processes, and is therefore barred from maintaining any or all causes of action.

### FOURTH AFFIRMATIVE DEFENSE

(Immunities)

6. Plaintiff's claims are barred in whole or in part because all actions and conduct by Defendant and its agents or employees were justified and subject to governmental immunities, including but not limited to the immunities arising under the United States Constitution and federal law, including the 11th Amendment, immunities arising under the California Constitution and California law, immunities arising under California Civil Code Section 47, and immunities arising under Government Code sections 810, *et seq.* including sections 815, 815.2, 818, 818.2, 818.8, 820.2, 820.4, 820.6, 820.8, 821.2, 821.6, and 822.2.

///

///

1

**FIFTH AFFIRMATIVE DEFENSE**

2

(Statute of Limitations)

3      7.      Plaintiff's claims are barred in whole or in part by the applicable statute of

4   limitations, including but not limited to California Code of Civil Procedure, Sections 337,

5   338, 339, 340, and/or 34, California Government Code Sections 911.2, 945.4, 945.6,

6   12960 and 12965(b), and 42 U.S.C section 2000e-5.

7

**SIXTH AFFIRMATIVE DEFENSE**

8

(Good Faith)

9      8.      Any recovery on the Complaint is barred because every action that

10   Defendant took regarding Plaintiff's employment, was privileged, and undertaken with

11   good cause, in good faith, or with a good faith belief that good cause existed for any of the

12   disputed conduct or actions taken.

13

**SEVENTH AFFIRMATIVE DEFENSE**

14

(Legitimate Non-Discriminatory Action)

15      9.      Defendant did not take any adverse action against Plaintiff.  Any and all

16   decisions that Defendant made regarding Plaintiff's employment were based upon

17   reasonable, non-discriminatory/non-retaliatory, lawful factors.

18

**EIGHTH AFFIRMATIVE DEFENSE**

19

(Business Necessity)

20      10.      Any and all action that Defendant took regarding Plaintiff's employment

21   was based on a good faith belief that a legitimate business interest, including, but not

22   limited to, upholding and enforcing the Defendant's employment policies and complying

23   with Defendant's obligations under the laws of California.  Such actions were reasonably

24   based on the facts as Defendant understood them. Accordingly, if Defendant's alleged

25   practices, policies, usages, or customs, or any of them, are deemed "retaliatory," they are

26   justified by the business necessity inherent in its operations and are, therefore, not

27   unlawful.

28   ///

1

## NINTH AFFIRMATIVE DEFENSE

2

(Manager's Privilege)

3        11.    Any and all action that Defendant and its employees took regarding

4    Plaintiff's employment was undertaken and exercised with proper managerial discretion in

5    good faith, and for proper, lawful reasons.

6

## TENTH AFFIRMATIVE DEFENSE

7

(Bona Fide Occupational Qualifications)

8        12.    Any and all action that Defendant took regarding Plaintiff's employment

9    was based on bona fide occupational qualification.

10

## ELEVENTH AFFIRMATIVE DEFENSE

11

(Same Decision – Legitimate Reason

12

*Harris v. City of Santa Monica* (2013) 56 Cal.4th 203)

13        13.    Defendant had legitimate, non-discriminatory reasons for all actions

14    undertaken in connection with Plaintiff's employment. If it is found that Defendant's

15    actions were motivated by both discriminatory and nondiscriminatory reasons, the

16    nondiscriminatory reasons, alone, would have induced Defendant to make the same

17    decisions at the same time.

18

## TWELFTH AFFIRMATIVE DEFENSE

19

(Plaintiff's Negligence)

20        14.    The damages allegedly suffered by Plaintiff, if any, were directly or

21    proximately caused by the acts, omissions, carelessness, or negligence of Plaintiff,

22    including Plaintiff's failure to comply with Defendant's policies and procedures.

23

## THIRTEENTH AFFIRMATIVE DEFENSE

24

(Mitigation)

25        15.    Any recovery on the Complaint is barred, in whole, or in part, by Plaintiff's

26    failure to mitigate damages.

27    ///

28

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2

(Laches)

3

16.   Any recovery on the Complaint is barred by the doctrine of unclean hands.

4

## FIFTEENTH AFFIRMATIVE DEFENSE

5

(Estoppel)

6

17.   Plaintiff is estopped by his own conduct from recovering any relief under

7

the Complaint.

8

## SIXTEENTH AFFIRMATIVE DEFENSE

9

(Unclean Hands)

10

18.   Any recovery on the Complaint is barred by the doctrine of unclean hands.

11

## SEVENTEENTH AFFIRMATIVE DEFENSE

12

(Waiver)

13

19.   Any recovery on the Complaint is barred by the doctrine of waiver.

14

## EIGHTEENTH AFFIRMATIVE DEFENSE

15

(After Acquired Evidence)

16

20.   Some or all of Plaintiff's claims for damages, if any, are limited or barred by

17

the doctrine of after acquired evidence.

18

## NINETEENTH AFFIRMATIVE DEFENSE

19

(Failure to Comply With Internal Procedure)

20

21.   Any recovery on the Complaint is barred, in whole, or in part, by Plaintiff's

21

failure to utilize Defendant's internal procedures for the reporting and correction of any

22

alleged discrimination/retaliation and by his failure to timely notify Defendant of any

23

alleged unlawful conduct and/or to allow Defendant to investigate or remedy any alleged

24

conduct.

25

## TWENTIETH AFFIRMATIVE DEFENSE

26

(Exclusive Remedy of Worker's Compensation)

27

22.   To the extent that Plaintiff's Complaint, or any purported cause of action

28

therein, alleges emotional or physical injury, any recovery is barred by the exclusive

1   remedy provisions of the California Workers' Compensation Act, Labor Code sections

2   132a and 3200, et seq.

3   ### TWENTY-FIRST AFFIRMATIVE DEFENSE

4   (No Punitive Damages Against Defendant)

5   23.     Defendant is not liable for punitive damages as a public entity. (Gov. Code.

6   § 818.)

7   ### TWENTY-SECOND AFFIRMATIVE DEFENSE

8   (Exercise of discretion)

9   24.     Pursuant to Government Code sections 820.2 and 815.2(b), Defendant, a

10   public entity is not liable for any injury resulting from an act or omission of its employee

11   where the act or omission was a result of the exercise of the discretion vested in that

12   public employee, whether or not such discretion was abused.

13   ### TWENTY-THIRD AFFIRMATIVE DEFENSE

14   (Failure To Exhaust Judicial Remedies)

15   25.     Plaintiff has failed to exhaust judicial remedies and is therefore barred from

16   maintaining any and all causes of action.

17   ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

18   (Variation to Allegations)

19   26.     Plaintiff's claims under the California Fair Employment and Housing Act

20   and Title VII are barred to the extent they vary from the allegations of the administrative

21   charge filed with the appropriate agency.

22   ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

23   (Punitive Damages)

24   27.     To the extent that the Complaint seeks punitive or exemplary damages, it

25   violates Defendant's rights to protection from "excess fines" as provided in the Eighth

26   Amendment of the United States Constitution and the Constitution of the State of

27   California and it violates Defendant's rights to substantive due process as provided in the

28   Fifth and Fourteenth Amendments of the United States Constitution and the Constitution

1    of the State of California, and therefore fails to state a cause of action supporting the

2    punitive or exemplary damages claimed.

3                       **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

4                                    (Attorneys' Fees)

5          28.    In the event that the Court deems Plaintiff's case to be frivolous or without

6    foundation, Defendant is entitled to attorneys' fees.

7                      **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

8            (Reservation of Right to Assert Additional Affirmative Defenses)

9          29.    Defendant reserves the right to assert additional defenses as they may arise

10   during the course of discovery.

11         WHEREFORE, Defendant prays for entry of judgment as follows:

12   1.      That Plaintiff take nothing by his Complaint;

13   2.      That judgment be entered in favor of Defendant;

14   3.      That Defendant be awarded costs of suit including attorneys' fees; and

15   4.      For such other relief as the court may deem just and proper.

16

17   Dated: December 24, 2013              BURKE, WILLIAMS & SORENSEN, LLP

18

19

20   By: _____
                  Daphne M. Anneet
21                Attorneys for Defendant
                  THE REGENTS OF THE UNIVERSITY
22                OF CALIFORNIA

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2      I, Theresa Nevarez, declare:  I am a citizen of the United States and employed in Los

3   Angeles County, California.  I am over the age of eighteen years and not a party to the within-

4   entitled action.  My business address is 444 South Flower Street, Suite 2400, Los Angeles,

5   California  90071-2953.  On December 26, 2013, I served a copy of the within document(s):

6      **DEFENDANT THE REGENTS OF THE UNIVERSITY OF**
       **CALIFORNIA'S ANSWER TO THE COMPLAINT**

7

8   ☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set
        forth below on this date before 5:00 p.m.

9

10  ☒   by placing the document(s) listed above in a sealed envelope with postage thereon
        fully prepaid, the United States mail at Los Angeles, California addressed as set
        forth below.

11

12  ☐   by placing the document(s) listed above in a sealed _____ envelope and
        affixing a pre-paid air bill, and causing the envelope to be delivered to
        a _____ agent for delivery.

13

14  ☐   by personally delivering the document(s) listed above to the person(s) at the
        address(es) set forth below.

15

16  ☐   by transmitting via e-mail or electronic transmission the document(s) listed above
        to the person(s) at the e-mail address(es) set forth below.

17     Mark S. Adams, Esq.
       Mayall, Hurley P.C.
18     2453 Grand Canal Boulevard, Second Floor
       Stockton, CA  95207-8253

19
       I am readily familiar with the firm's practice of collection and processing correspondence

20  for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

21  day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

22  motion of the party served, service is presumed invalid if postal cancellation date or postage

23  meter date is more than one day after date of deposit for mailing in affidavit.

24     I declare under penalty of perjury under the laws of the State of California that the above

25  is true and correct.  Executed on December 26, 2013, at Los Angeles, California.

26
                                          _____
27                                              Theresa Nevarez

28