UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY R. ESTES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>　　　　　Defendant. | Case No. 13-cv-05960-JST<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE**<br><br>Re: ECF No. 23 |

　　　Before the Court is a Motion to Transfer Venue filed by Defendant The Regents of the University of California ("The Regents"). ECF No. 23. Plaintiff Jeffrey R. Estes opposes the motion. For the reasons set forth below, the Court will GRANT the motion.

## I.　　BACKGROUND

　　　In this action, Plaintiff Estes alleges violations of the California Fair Employment and Housing Act ("FEHA") and Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-3(a) et seq. Compl., ECF No. 1-1, Ex. A. He alleges that Defendant unlawfully retaliated against him when The Regents terminated his employment at the University of California, Irvine-Extension Program, after he complained about a co-worker's derogatory and racially charged comments in the workplace. Id. at 3–4.

　　　Plaintiff Estes is, and was at all times relevant to this matter, a resident of Los Angeles County, California. Id. at 1. He was employed by Defendant in Orange County, California. Id. The alleged unlawful retaliation occurred at the University of California at Irvine ("Irvine"). Id. at 3–4. Although The Regents' principal place of business is in Alameda County, all of the relevant documents are located on the Irvine campus and the decision to terminate Plaintiff's employment was made exclusively at the Irvine campus. ECF No. 23, at 9; ECF No. 23-2, at 2–3. The key

witnesses and actors identified in Plaintiff's complaint are either presently employed at the Irvine campus or reside in Orange County.  ECF No. 23-2, at 3.  Los Angeles County, Orange County, and the City of Irvine are all located within the jurisdiction of the United States District Court for the Central District of California.

Estes filed his complaint on November 19, 2013 in the Superior Court of California, Alameda County.  Id.  Defendant subsequently removed the case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331 and 1367(a).  ECF No. 1.  Defendant now moves to transfer this action to the Central District of California, Southern Division.  ECF No. 23.  Defendant argues first that venue is improper in the Northern District of California under Title VII's mandatory venue provision, 42 U.S.C. § 2000e-5(f)(3), and that the case must therefore be dismissed or, if the interests of justice require, transferred under 28 U.S.C. § 1406.  ECF No. 23, at 10.  In the alternative, Defendant argues that even if venue is proper in this district, the Court should transfer venue for the convenience of the parties and witnesses under 28 U.S.C. § 1404(a).  ECF No. 23, at 13.  Plaintiff responds that this case was properly filed in this District under 42 U.S.C. § 2000e-5(f)(3).  He argues that Defendant's § 1404(a) motion should fail because The Regents have failed to show that this District is a proper venue and because the interests of convenience do not require transfer to the Central District.  ECF No. 24, at 5–6.

## II.    LEGAL STANDARD

Title VII authorizes suits:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).  This venue provision is mandatory.  Johnson v. Payless Drug Stores Northwest, Inc., 950 F.2d 586, 587–88 (9th Cir. 1991).  Courts have noted that "this broad provision for alternative forums was necessary to support the desire of Congress to afford citizens full and easy redress of civil rights grievances."  Passantino v. Johnson & Johnson Consumer

Prods., 212 F.3d 493, 504 (9th Cir. 2000) (quoting Richardson v. Alabama State Bd. of Educ., 935 F.2d 1240, 1248 (11th Cir. 1991). "[T]he only limitation contemplated by the provision is that it seeks to 'limit venue to the judicial district concerned with the alleged discrimination.'" Id. (quoting Stebbins v. State Farm Mut. Auto Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969)). "In general, the effect of Title VII's venue provision is to allow suit in the judicial district in which the plaintiff worked or would have worked." Id. at 504–05.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 2009).

Where venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quotation omitted). It places "discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen, 376 U.S. at 622). In deciding a motion to transfer under § 1404, the court must weigh "a number of case-specific" factors. Id.

> For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–99 (9th Cir. 2000). The moving party bears the burden to show that the transferee district is the more appropriate forum for the action. Id. at 499.

### III.    DISCUSSION

The parties offer competing interpretations of Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3). Plaintiff argues that the clear language of the statute, providing that a Title VII case may be brought "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," makes plain that venue is proper in any district in California. ECF No. 24, at 2–5. See also Molski v. M.J. Cable, Inc., 481 F.3d 724, 732 (9th Cir. 2007) ("Statutory interpretation begins with the plain meaning of the statute's language. Where the statutory language is clear and consistent with the statutory scheme at issue, the plain language of the statute is conclusive and the judicial inquiry is at an end.") (citation omitted). Citing the Ninth Circuit's decision in Passantino, 212 F.3d 493 at 504, Defendant counters that venue is proper only in the Central District because Title VII "seeks to limit venue to the judicial district concerned with the alleged discrimination." Therefore, Defendant, argues, the Court must dismiss or transfer the case under 28 U.S.C. § 1406(a). ECF No. 23, at 13.

In Passantino, the Ninth Circuit considered whether, for purposes of the Title VII venue provision, an unlawful employment action "is committed" where the decision to take that action is made or where its effects are felt. Id. The court concluded "that venue is proper in both the forum where the employment decision is made and the forum in which that decision is implemented or its effects are felt." Id. at 506. The court did not address whether, if the employment decision is made and implemented in a single district, venue is proper in a different district in the same state. However, language in the court's holding strongly suggests that, contrary to the plain language of 42 U.S.C. § 2000e-5(f)(3), the Ninth Circuit would find venue improper in this circumstance. The court stated that "the only limitation contemplated by the provision is that it seeks to 'limit venue to *the* judicial district concerned with the alleged discrimination.' In general, the effect of Title VII's venue provision is to allow suit in *the* judicial district in which the plaintiff worked or would have worked. . . . [T]he statute itself and analogous case law suggest that venue should be found where the effect of the unlawful employment practice is felt: where the plaintiff works, and the decision to engage in that practice is implemented." Passantino, 212 F.3d 493 at 504–05 (emphasis added) (citations omitted). Here, Plaintiff Estes worked in the Central District and the

decision to terminate his employment was made and implemented in the Central District.

Whether <u>Passantino</u> requires transfer to the Central District of California under 28 U.S.C. § 1406(a) in the circumstances presented here is a close question, but the Court need not reach this question to resolve the Motion to Transfer Venue. Even assuming that venue is proper in this district, the court would still transfer venue to the Central District of California "[f]or the convenience of parties and witnesses, in the interest of justice" under 28 U.S.C. § 1404(a). Estes does not dispute that the action "might have been brought" in the Central District, that he lives and worked in the Central District, and that all of the operative facts occurred in the Central District. "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [Plaintiff's] choice is entitled to only minimal consideration." <u>Lou v. Belzberg</u>, 834 F.2d 730, 739 (9th Cir. 1987). Plaintiff also does not dispute that the primary witnesses live and/or work in Orange County, California and that the relevant documents are maintained at Irvine. He states only that "the interests of convenience would not necessitate transferring this case to the Central District" because witnesses residing in the Central District would not be compelled to travel to the Northern District for depositions and because documents would be sent to counsel's office in Stockton, California regardless of where the case is venued. ECF No. 24, at 6.[1]

Under these circumstances, the court concludes that the Central District of California — where Plaintiff is located, where the alleged wrongful employment actions took place, and where the relevant records and witnesses are located — is a more convenient forum and has a greater interest than the Northern District in adjudicating this controversy arising within its jurisdiction. This case should therefore be transferred to the Central District.

---

[1] Plaintiff contends that Defendant's argument that the case should be transferred under 28 U.S.C. § 1404(a) must be rejected because it is inconsistent with the argument that the case must be transferred or dismissed pursuant to 28 U.S.C. § 1406(a). According to Plaintiff, because a party moving for transfer under § 1404(a) must establish that venue is proper in both the transferor and the transferee district, such a motion is incompatible with an argument that the case should be transferred under § 1406(a) because venue is improper. This argument requires little response except to note that there is nothing unusual in parties making conflicting alternative arguments and that § 1404(a) accords broad discretion to the district court to transfer a case to a more appropriate venue in the interests of justice. <u>See</u> <u>Stewart Org.</u>, 487 U.S. at 31.

IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer Venue is GRANTED.  This action shall be transferred to the United States District Court for the Central District of California. All further proceedings in this case are stayed until the case is transferred.

**IT IS SO ORDERED.**

Dated:  December 2, 2014

_____
JON S. TIGAR
United States District Judge